DANNY LEE WARNER JR.
799-415
P.O. Box 56
LEBANON OH 45036

JAN 24 2023

Clerk, U.S. Courts
District of Montana
Helena Division

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA, HELENA DIVISION

| | |
|---|---|
| DANNY LEE WARNER JR., <br> Plaintiff, <br> v <br> DEMETRIC GODFREY, et al., <br> Defendants. | Cause No. CV 22-08-H-BMM-JTJ <br><br> MOTION TO DISQUALIFY JUDGE |

Plaintiff Danny Lee Warner Jr., Po Se, moves Magistrate Judge John Johnston to disqualify himself from the instant case pursuant to 28 U.S.C. §455(a) and have an impartial judge appointed in his place. In the alternative, Mr. Warner respectfully requests that Judge Brian Morris remove Johnston from this case. 28 U.S.C. §144.

The U.S. Supreme Court has held that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v United States, 510 U.S. 540, 555 (1994). The "almost never" provision leaves open the possibility that such a motion can be granted and Mr. Warner asserts that it should in the instant case. Significantly, "the substantive standard is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality **might** reasonably be questioned." Pesnell v Arsenault, 543 F.3d 1038, 1043 (9th Cir 2008)(emphasis added). Indeed, the word "might" here sets the evidentiary bar low: a scintilla of evidence, akin to the "some evidence" standard, thus the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached." Superintendent v Hill, 472 U.S. 445, 455-56 (1985).

Johnston's snide commentary and acting on behalf of Defendants (by raising defenses and creating justifications for them that seemingly explain their

penological interests) is clear and convincing evidence that he is incapable of being impartial where Mr. Warner is involved. Aff. ¶¶ 6,7,8. "The transfer to BOP custody was **of course** out of Godfrey's control." Doc. 9, pg. 28 (emphasis added). The "of course" in this sentence is both extremely assertive and aggressively superfluous, though also provides an example of Johnston's partiality given the fact that there is absolutely no way for Johnston to KNOW if Godfrey had control of Mr. Warner's move or not; at this stage of litigation there are no givens, no evidence on the record as to whether or not transfers are part of Godfrey's duties and responsibilities, yet Johnston makes a firm determination about this. "Section 455(a) covers circumstances that *appear* to create a conflict of interest, whether or not there is actual bias." Herrington v Sonoma County, 834 F.2d 1488, 1502 (9th Cir 1987).

Similarly, it is clearly established law that Defendants must **put forward** their own justifications for what they did and why; it was error for Johnston to put forward that the Montana State Prison ("MSP") mail policy was "reasonably related to a legitimate need to prevent the smuggling of illegal substances into the prison." Turner v Safley, 482 U.S. 78, 89 (1987). Similarly, it is well-established that it is Defendants' burden "to prove that there was an available administrative remedy and that the prisoner did not exhaust that available remedy." Albino v Baca, 747 F.3d 1162, 1172 (9th Cir 2014). In asserting that Mr. Warner did not exhaust a claim, Johnston acted as counsel for Defendants and is incapable of impartiality. Yagman v Republic Insurance, 987 F.2d 622, 626 (9th Cir 1993).

Johnston has already demonstrated that he is willing to dismiss Mr. Warner's claims without cause or justification by having done it once before. Aff. ¶¶2,3. The fact that Johnston has already gone out of his way to delay Mr. Warner's case as he did with the March 14, 2022 Order, and now finds fault with all ninety-nine (99)

paragraphs of Facts enumerated in Mr. Warner's Complaint, infers that Johnston fully intends to find some pretext to dismiss the instant case the first chance he gets. Aff. ¶¶4,5.

At the least, Johnston continues to issue orders that require resources and money that Mr. Warner does not have and place obstacles before him in the hopes that Mr. Warner will simply give up. It is well-known that to delay justice is to deny justice and such is the case here, where Mr. Warner has suffered a plethora of injuries at the hands of Defendants for years, continues to suffer, and Johnston seems willing to subsidize this by creating unnecessary delays.

In the final analysis, Johnston has already proven that he is willing to dismiss Mr. Warner's claims without cause or justification and favor Defendants; conversely, Mr. Warner does not have the resources to pay for copies of an Amended Complaint or the postage it would require to send it to the Court. Additionally, Defendants "lost" all of Mr. Warner's exhibits and he does not have the means to pay for copies from the court only to attach them to an Amended Complaint for the same court.

If Johnston will not disqualify himself then he should be removed from the instant case.

DATED this 13th day of January, 2023.

*(signature)*
Danny Lee Warner Jr.
799-415
P.O. Box 56
Lebanon, OH 45036