## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## HELENA DIVISION

| | |
|---|---|
| DANNY LEE WARNER, | Cause No. CV 22-08-H-BMM-JTJ |
| Plaintiff, | |
| vs. | ORDER |
| DEMETRIC GODFREY, et al., | |
| Defendants. | |

Pending before the Court are Plaintiff Warner's Motion for a *Martinez* Report, (Doc. 11), Motion to Disqualify Judge, (Doc. 12), and Motion for Leave to File Motion for Reconsideration.  (Doc. 14.)  Each will be addressed in turn.

### i.    Motion for a *Martinez* Report

Warner asks the Court to issue an order directing that a special master be appointed to investigate his claims and submit a *Martinez* report to the Court, pursuant to *In re Arizona*, 528 F. 3d 652, 659 (9th Cir. 2008). (Doc. 11.)  In *Martinez v. Aaron*, 570 F. 2d 317 (10th Cir. 1978), rather than dismissing the complaint or sending it for service, the district court ordered prison officials to conduct an investigation of the incident, including an interrogation of those concerned.  In 2008, the Ninth Circuit addressed whether a district court in the Ninth Circuit has the authority to require a defendant to prepare a *Martinez* report:

1

The purpose of the report "is to give the court the benefit of detailed factual information that may be helpful in identifying a case involving a constitutional challenge to an important, complicated correctional practice, particularly one that may affect more than the inmate who has filed the 1983 action." *Lewis v. Fong*, Nos. 86-3465, 86-4011 and 86-4616, 1986 WL 12781, *1-2, 1986 U.S. Dist. LEXIS 17837 (E.D. Pa. Nov. 12, 1986). In *Martinez*, the court indicated that a "record" could be created by requiring state authorities to use administrative or grievance procedures. 570 F.2d at 319-20. The court also explained that the record is especially important to develop the facts as to the color of state law and to enable the trial court to make preliminary decisions on issues like jurisdiction. *Id.*

The Federal Judicial Center has also acknowledged the utility of *Martinez* reports: "By ordering a defendant to file a *Martinez* report early in the litigation, the court can in some cases save time and effort -- either that required to dispose of frivolous cases on motion or that required to deal formally with a problem the penal institution might be able and willing to address informally." Federal Judicial Center, Resource Guide for Managing Prisoner Civil Rights Litigation § III.C.3.c.3 at 33 (1996).

*In re Arizona*, 528 F.3d at 656.

As an initial matter, Warner is not requesting the Court to direct a defendant to investigate and develop a record of an incident alleged in his civil rights complaint; rather he seeks appointment of a third-party to do so. Warner suggests this special master should interrogate every named defendant, as well as any person the special master discovers may have been involved in violating Plaintiff's constitutional rights, and submit a report of the findings to the Court to assist in the screening of Warner's complaint. (Doc. 11 at 4-5.) The scope of the request made by Warner is very broad. Also, the purpose of the proposed *Martinez* report, as requested, pertains solely to complaints unique to Warner. That is, the Court is not

2

being asked to identify and address an important and complicated correctional practice that may affect more inmates than Warner.  *See Arizona*, 528 F. 3d at 656. The utility of such a report in the instant case appears questionable.

Warner is not currently incarcerated in Montana and there is no immediate threat of ongoing violation or retaliation relative to correctional practices. Moreover, Defendants will be required to respond to the majority of Warner's claims. The Court finds that a *Martinez* report would not be beneficial or appropriate at this juncture.  The motion will be denied.

### ii.    Motion to Disqualify

Warner asks that U.S. Magistrate Judge John Johnston disqualify himself in this matter, pursuant to 28 U.S.C. § 455(a), and that an impartial judge be appointed.  (Doc. 12 at 1.)  Alternatively, Warner asks the Court to remove U.S. Magistrate Judge Johnston from this case and cites to 28 U.S.C. § 144.  (*Id*.)

Warner acknowledges that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  (*Id*.) (*citing Liteky v. United States*, 510 U.S. 540, 555 (1994). Warner believes, however, that the window left open under *Liteky*'s "almost never" standard leaves open the possibility of recusal or removal in the present case. Warner believes Magistrate Judge Johnston's commentary in the Order directing an amended complaint be filed, and Magistrate Judge Johnston "raising defenses and creating justifications" for the Defendants, evidences his

3

inability to remain impartial.  (*Id*. at 1-2.)  Warner asserts that Magistrate Judge Johnston previously demonstrated a willingness to dismiss his claims, and that the more recent order establishes that the Magistrate Judge is looking for a pretextual basis to dismiss the present matter.  (*Id*. at 3.)  Warner suggests that the Order entered on December 29, 2022, was done in an effort to place obstacles before him in hopes he would "give up."  (*Id*.) Warner notes that a prior case he filed in this Court, *Warner v. Stefalo et al*., Cause No. CV 19-03-GF-BMM-JTJ, was dismissed "without cause or justification."  (Doc. 13 at 1.)

Section 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  "The test for disqualification under section 455(a) is an objective one: whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983).  The "reasonable person" is not someone who is "hypersensitive or unduly suspicious," but rather a "well-informed, thoughtful observer" who "understand[s] all the relevant facts" and "has examined the record and law." *United States v. Holland*, 519 F.3d 909, 914 (9th Cir. 2008).  This standard does not mandate recusal upon the mere "unsubstantiated suspicion of personal bias or prejudice."  *Id*. (citations omitted).  Additionally, Section 455(a) is "limited by the 'extrajudicial source' factor which generally requires as the basis for recusal

4

something other than rulings, opinions formed, or statements made by the judge during the course of [proceedings]." *Id*. at 913-14.

Section 144 requires a party to file a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party . . .." To be legally sufficient, the affidavit "must state facts which if true fairly support the allegation that bias or prejudice stemming from (1) an extrajudicial source (2) may prevent a fair decision on the merits." *United States v. Azhocar*, 581 F.2d 735, 739 (9th Cir. 1978). The judge must look at "the substantiality of the support given by these facts to the allegation of bias." *Id*. at 739-40. Conclusory statements alleging personal bias or prejudice are not statements of fact, and do not provide a basis for disqualification. *Wilenbring v. United States*, 306 F.2d 944, 946 (9th Cir. 1962).

When a court considers a motion under § 144, it should follow this practice: (1) first evaluate whether to "grant recusal pursuant to [§ 455]"; and (2) if it determines that recusal is inappropriate under § 455, proceed to "determine the legal sufficiency of the affidavit filed pursuant to [§ 144]." *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980). Recusal is not automatic under § 144. "An affidavit filed pursuant to [§144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice toward a party that stems from an extrajudicial source." *Id*.

Warner has failed to establish that recusal is warranted. The basis for recusal rests upon Warner's conclusory statements that are unsupported by the record before the Court or information obtained from extrajudicial sources. Warner takes issue with the detailed order entered by Magistrate Judge Johnson on December 29, 2022, asserting that he found fault with nearly every paragraph and seemed to present arguments on behalf of defendants who have not yet appeared. *See* Aff. (Doc. 13.) The Court finds that the Magistrate Judge's order constituted a thorough prescreening of the complaint as required by 28 U.S.C. § 1915A. The order informed Warner of deficiencies in his filing and the relevant legal standards. The Order further provided guidance on filing an amended complaint, which Warner seems to have heeded. The actions of the Magistrate Judge do not demonstrate bias or prejudice on his part, but instead show a "well-informed, thoughtful observer" who examined the record and law presented. *See Holland*, 519 F. 3d at 914. There is no indication that prior findings made by Magistrate Judge Johnston were the result of prejudice or impartiality. Further, as explained in a companion order, the bulk of Warner's claims in the amended complaint are being served upon defendants. In short, no reason exists to conclude that Magistrate Judge Johnston's impartiality is in question, as required by § 455(a). Recusal is not required.

Though recusal is inappropriate under § 455, Warner also fails to make the

requisite showing of legal sufficiency of the affidavit under the second prong of

§144.  The only extrajudicial source supporting Warner's affidavit is his own

conjecture.  The Court notes that Warner's characterization of Magistrate Judge

Johnston's "dismissal" of his prior case, "without cause or justification, nor any

prompting from Defendants" is not accurate.  The Court dismissed the matter

under Rule 11 as a sanction after it was determined Warner had filed documents

for the improper purpose of deceiving the Court as to the nature of the factual

record.  *See Warner v. Stefalo et al*., Cause No. CV 19-03-GF-BMM-JTJ, Or. (D.

Mont. March 17, 2021). Moreover, the fact that Warner may take issue with prior

adverse rulings, or those that he perceives as adverse, proves an insufficient basis

to support recusal.  *O'Connor v. U.S.*, 935 F.2d 275 (9th Cir. 1991).  Warner has

not specifically alleged facts to fairly support his contention of bias.  *See Sibla*, 624

F.2d at 868.

Warner has not established that recusal is justified under either §144 or §

455, and he has also failed to demonstrate any reasonable basis on which to

question this Court's impartiality in this matter.  The facts, as presented, do not

warrant recusal or disqualification.  The motion for recusal and/or disqualification

will be denied.

### iii.    Motion for Reconsideration

Warner seeks leave to file a motion requesting reconsideration of Magistrate

Judge Johnston's December 29, 2022 Order.  (Doc. 14.)  Warner generally asserts that a higher standard was applied to the prescreening of his complaint than the standard required by statute.  (*Id.*)  Warner has since filed his amended complaint. As set forth above, the bulk of the claims contained in Warner's amended complaint will be served upon the defendants. No basis exists upon which to reconsider the prior order.  The motion will be denied as moot.

Accordingly, the Court enters the following:

## ORDER

1. Warner's Motion for Martinez Report (Doc. 11) is **DENIED.**

2. Warner's Motion to Disqualify Judge (Doc. 12) is **DENIED**.

3. Warner's Motion for Leave to File Motion for Reconsideration (Doc. 14) is **DENIED** as moot.

4. Warner must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."  Failure to do so may result in dismissal of his case without further notice to him.

DATED this 25th day of January, 2024.

Brian Morris, Chief District Judge
United States District Court

8