IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DANNY LEE WARNER, | Cause No. CV 22-08-H-BMM-JTJ |
| Plaintiff, | |
| vs. | ORDER |
| DEMETRIC GODFREY, et al., | |
| Defendants. | |

On February 1, 2022, Plaintiff Danny Lee Warner ("Warner"), proceeding pro se, moved to proceed in forma pauperis with this action under 42 U.S.C. § 1983 alleging violations of his civil rights. This Court entered an order advising Warner of the deficiencies in his complaint and provided him an opportunity to file an amended complaint. (*See generally* Doc. 9.) The Court also informed Warner that all claims accruing prior to January 28, 2019 were time-barred. (*Id*. at 12.) In the interim, Warner filed a motion for a *Martinez* report, a motion to disqualify U.S. Magistrate Judge John Johnston, and a motion for leave to file a motion for reconsideration. (Docs. 11, 12, and 14.) These motions will be addressed in a separate order. Warner then filed his Amended Complaint. (Doc. 15.)

As Warner has previously been advised, this Court must screen complaints

1

brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portions thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(e)(2)(B)(ii).

## I. Background

Warner is a pro se prisoner currently incarcerated in the London Correctional Institution in London, Ohio, as part of an interstate compact transfer. All of the events giving rise to the amended complaint, however, occurred when he was housed in Montana, either at the Montana State Prison ("MSP") or Crossroads Correctional Center ("CCC"). Warner arrived at MSP on December 1, 2017; he is currently serving a 50-year sentence. Warner states he sincerely adheres to Odinism/Asatru religion.

As a result of his religious beliefs, Warner asserts actors at both MSP and CCC have conspired and discriminated against him in various manners over the years. Warner believes he was transferred to Ohio as retaliation for filing

2

grievances and the instant lawsuit. (Doc. 15 at 2.) Warner claims defendants have demonstrated deliberate indifference and denied him "life's basic necessities, human decency, dignity, and prisoner's civil rights." (*Id*. at 3.) Warner claims he has been denied due process for mail, property, disciplinary, and classification issues. Warner asserts unduly restrictive measures have been placed upon his mail, books, picture, and property. In sum, Warner believes the discrimination, harassment, and retaliation he has experienced amounts to cruel and unusual conditions of confinement. (*Id*. at 2-3.)

Warner's amended complaint advances claims under 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), the First Amendment, the Fifth Amendment, the Eighth Amendment, the Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). Warner's amended complaint names all defendants in both their individual and official capacities. Warner seeks declaratory relief, injunctive relief, compensatory damages, punitive damages, as well as fees and costs.

## II.   Service of the Complaint

The Court has reviewed the pleading. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks

and citation omitted).

Warner's Fourth Amendment claim will be dismissed. Warner now alleges Lt. Olive and Sgt. Marquez used excessive force in spraying him with chemical agents on January 3, 2019. (*See* Doc. 15 at 39, 58.) The U.S. Supreme Court in *Wilson v. Garcia*, 471 U.S. 261 (1985), determined the applicable statute of limitations for claims filed pursuant to 42 U.S.C. § 1983 is the state statute of limitations governing personal injury actions. A three-year period after an action accrues applies in Montana. *See* Mont. Code. Ann. § 27-2-204(1).

The incident occurred and the claims correspondingly accrued before January 28, 2019. This claim is filed outside the applicable statute of limitations and will be dismissed, as the three-year period expired on January 28, 2022. Warner filed his initial complaint on February 1, 2022. (Doc. 2.) Warner additionally states that some unidentified John/Jane Does defamed him by telling an unidentified member of the public that he is in a "gang" of some type. This allegation fails to state a claim under the Fourth Amendment. Accordingly, the entire claim will be dismissed, along with Lt. Olive and Sgt. Marquez.

Warner's Fifth Amendment claim will also be dismissed. This claim surrounds the alleged destruction of his personal property and defendants' purported failure to provide just compensation. (Doc. 15 at 58-59.) Each defendant named by Warner in conjunction with this claim is a state actor, not a

4

federal actor.  The claim is grounded in the Fourteenth, rather than the Fifth Amendment.  *See Castillo v McFadden*, 399 F. 3d 993, 1002, n. 5 (9th Cir. 2005) (holding that "[t]he Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States."). This claim will be dismissed.

The remainder of Warner's claims are sufficiently clear and viable to avoid dismissal at this time. Defendants must respond to the following claims alleged by Warner: conspiracy claims under 42 U.S.C. § 1985(3), (Doc. 15 at 42-44); RLUIPA claims, (*id*. at 45-46); First Amendment claim and its sub-parts, including Retaliation, (*id*. at 46-50), Freedom of Speech, (*id*. at 51-54), Freedom of Expression, (*id*. at 54), Freedom of Religion, (*id*. at 54-56), and Establishment of Religion, (*id*. at 56-58); Eighth Amendment claims, (*id*. at 59-62); and Fourteenth Amendment claim and its sub-parts, including Equal Protection, (*id*. at 62-65), Due Process, (*id*. at 65-71.)

**Accordingly, IT IS ORDERED**:

1. Warner's Fourth and Fifth Amendment claims are DISMISSED.  Lt. Olive and Sgt. Marquez are DISMISSED as defendants to this action.

2.  Pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(d), the Courts asks the Defendants to waive personal service of summonses by

executing, or having counsel execute, the waiver of service attached to this Order. Defendants must return the waiver within 30 days of the date of the Notice of Lawsuit and Request to Waive Service. For Defendants who timely return the waiver, an answer or appropriate motion must be filed within 60 days of the date of the Notice and Request. *See* Fed. R. Civ. P. 12(a)(1)(B); 42 U.S.C. § 1997e(g)(2).

3. The clerk shall electronically deliver the following documents to Legal Counsel for the Montana Department of Corrections and for Crossroads Correctional Center:

- the Amended Complaint (Doc. 15);
- Notice of Lawsuit and Request to Waive Service of Summons;
- Waiver of Service of Summons.

4. Any party's request that the Court grant relief, make a ruling, or take action of any kind must be made in the form of a motion served on all parties. *See* Fed. R. Civ. P. 7, 10, 11. To give the Court information, a notice must be filed. The Court will disregard requests made or information presented in letter form and/or ex parte.

5. No motion for default may be filed for at least 70 days.

6. No party may begin discovery until a scheduling order has been issued. *See* D. Mont. L.R. 26.1(d) (Mar. 1, 2022).

7. <u>Warner must immediately advise the Court of any change in his mailing</u>

address. Failure to do so may result in dismissal of this action without notice to him.

DATED this 25th day of January, 2024.

*/s/ Brian Morris*

Brian Morris, Chief District Judge
United States District Court

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| DANNY LEE WARNER,<br><br>Plaintiff,<br><br>vs.<br><br>DEMETRIC GODFREY, et al.,<br><br>Defendants. | **Cause No. CV 22-08-H-BMM-JTJ**<br><br>**NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS** |

TO:  Legal Counsel
     Montana Department of Corrections

     Legal Counsel
     Crossroads Correctional Center

A lawsuit has been filed in this Court against individuals you may represent. A copy of the amended complaint is attached.

This is not a summons or an official notice from the court. It is a request that, to avoid the cost of personal service by the United States Marshals Service, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

If you file the signed waiver, the action will then proceed as if Defendants were served on the date the waiver is filed, but no summons will be served on

1

Defendants, and they will have 60 days from the date this notice is sent to answer the Amended Complaint.

If you do not return the signed waiver within the time indicated, the Court will order the United States Marshals Service to personally serve the summons and Complaint on Defendants and may impose the full costs of such service. *See* Fed. R. Civ. P. 4(d)(2).

Please read the attached statement about the duty to avoid unnecessary expenses.

DATED this 25th day of January, 2024.

_____
Brian Morris, Chief District Judge
United States District Court

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be

2

required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| DANNY LEE WARNER,<br><br>Plaintiff,<br><br>vs.<br><br>DEMETRIC GODFREY, et al.,<br><br>Defendants. | **Cause No. CV 22-08-H-BMM-JTJ**<br><br>**WAIVER OF SERVICE OF SUMMONS** |

TO:   The U.S. District Court for the District of Montana

The following Defendants acknowledge receipt of your request to waive service of summons in this case. Defendants also received a copy of the Complaint (Doc. 2). I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed. R. Civ. P. 4:

_____; _____;

_____; _____;

_____; _____;

_____; _____;

_____; _____;

_____; _____;

_____; _____;

_____; _____;

_____; _____;

_____; _____;

_____; _____;

_____; _____.

The listed Defendants understand that they retain all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action but waive any objections to the absence of a summons or of personal service. Defendants also understand they must file and serve an answer or a motion under Rule 12 within 60 days of the date of the Request for Waiver of Service of Summons and, if they fail to so, default judgment may be entered against them.

Date: _____

_____
(Signature of the attorney
or unrepresented party)


_____
(Printed name)

_____
(Address)

_____
(E-mail address)

_____
(Telephone number)